IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| CONTACT SOLUTIONS MARKETING, INC., ) | |
| ) | CASE NO. BK04-81158 |
| Debtor(s). ) | A06-8058 |
| JAMES STUMPF, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| NATIONAL DATALINK MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #8). No resistance was filed. Richard Lydick represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

The Chapter 7 trustee filed this adversary proceeding to recover an alleged preferential payment of $5,833.73. Under 11 U.S.C. § 547(b), a trustee or debtor-in-possession may avoid any transfer of an interest of the debtor in property:
- (1)  to or for the benefit of a creditor;
- (2)  for or on account of an antecedent debt owed by the debtor before such transfer was made;
- (3)  made while the debtor was insolvent;
- (4)  made —
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
- (5)  that enables such creditor to receive more than such creditor would receive if —
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The only item of evidence submitted to the court is a copy of a check from the debtor to the defendant, for $5,833.73, on January 21, 2004. An involuntary Chapter 7 petition was filed against the debtor on April 7, 2004, so the payment was made within the 90 days before the petition date. The November 30, 2003, balance sheet submitted withe the schedules shows that the debtor's liabilities exceeded its assets, so it was insolvent. The defendant's answer indicates that the debtor was a customer of the defendant and paid its account before delivery or at the time of delivery. The defendant admits that goods and services were delivered to the debtor. There is no evidence that the defendant is a secured creditor.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, the plaintiff has established the elements of a preferential payment. The defendant has not demonstrated the existence of a factual issue. Therefore, the plaintiff is entitled to summary judgment.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #8) is granted. Separate judgment will be entered.

DATED:       August 9, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Richard Lydick
    U.S. Trustee
    Mr. Roland Banks, President, National Datalink Management, Inc., 6500 N.W. 15th Ave., Suite 100, Fort Lauderdale, FL 33309

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.